UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**AMBER FERRIER,**

      **Plaintiff,**                              CASE NO.: 4:17-CV-290

v.

**MAD ANTHONY'S**
**WATERFRONT GRILLE, LLC.,**

      **Defendant.**
_____/

# COMPLAINT

Plaintiff, AMBER FERRIER, hereby sues Defendant, MAD ANTHONY'S WATERFRONT GRILLE, LLC., and alleges:

## JURISDICTION AND VENUE

1. This is a civil action for unpaid overtime compensation brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Florida Minimum Wage Act, §448.110, Fla. Stat. ("FMWA").

2. This Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b).

3. Venue is proper in this Court under 28 U.S.C. § 1331(a) and (b) because the allegations asserted in this complaint arose in the above named district, specifically in Wakulla County, Florida.

4. In this action, Plaintiff seeks equitable and declaratory relief, money damages, costs, and attorneys' fees.

## PARTIES

5. Plaintiff, AMBER FERRIER, at all material times hereto has been a resident of the State of Florida, and was an "employee" of the Defendant as that term is defined in the applicable laws identified above.

6. Defendant, MAD ANTHONY'S WATERFRONT GRILLE, LLC., is a registered Florida Limited Liability Company doing business within the State of Florida.

7. At all times material hereto, Defendant was an "employer" as that term is defined in the applicable laws identified above.

## STATEMENT OF FACTS

8. Plaintiff was employed by the Defendant from on or about March 1, 2014 through April 29, 2016. During her employment the Defendant's manager, Kathleen Porter, supervised Plaintiff. Ms. Porter was also in charge of employee time and payroll for the Defendant.

9. In February of 2015, Plaintiff was told she was receiving a promotion to the position of Manager Trainee. Plaintiff maintained her position as a server for the Defendant along with performing additional duties as Manager Trainee.

10. Plaintiff began receiving a flat rate sum of two hundred and fifty

dollars ($250.00) per week in addition to her hourly server pay to perform these additional duties.

11. After February 2015, Plaintiff worked an average of fifty hours per week but stopped receiving compensation for any hours worked over forty each week. Although Plaintiff would be clocked in for an averaged fifty hours per week, Ms. Porter would adjust the Plaintiff's times when submitting them to payroll to reflect only forty hours per week. This continued from February 2015 until the end of the Plaintiff's employment in April 2016.

12. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutory provisions cited herein and other such grounds as are authorized.

## COUNT I
## Violation of the FLSA

13. Paragraphs 1-12 are re-alleged and incorporated herein.

14. Plaintiff is entitled to be paid overtime compensation in the form of time and one-half of her regular rate of pay for each hour she worked for the Defendant in excess of forty (40) hours per work week between February 2015 and April 2016.

15. Defendant knowingly and willfully failed to compensate Plaintiff for the hours she worked in excess of forty hours each week between February 2015

and April 2016, in direct violation of the FLSA, 29 U.S.C. § 207(a).

16. By reason of said unlawful acts of the Defendant, Plaintiff has suffered damages plus incurred costs and reasonable attorneys' fees.

## COUNT II
## Violation of the FMWA

17. Paragraphs 1 through 12 above are incorporated herein by reference.

18. This is an action against Defendant under §448.110, Fla. Stats.

19. At all pertinent times, Plaintiff was an employee of Defendant.

20. Defendant failed to pay Plaintiff at least the required Florida minimum wage rate minus the tip credit for every compensable hour of labor performed, in violation of §448.110, Fla. Stats.

21. The violations set forth in this count resulted, in whole or in part, from Defendant's failure to credit and pay Plaintiff for all compensable time worked. Defendant's violations were willful and intentional.

22. Pursuant to §448.110, Fla. Stats., as a result of Defendant's violations of the FMWA set forth in this count, Plaintiff is entitled to recover the amount of the unpaid wages, and an equal amount as liquidated damages. Over and above such sums, Plaintiff is entitled to a compensatory award for non-economic damages suffered, including pain and suffering damages and other intangible damages. Plaintiff is also entitled to costs and attorney's fees under the FMWA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant for payment of all overtime hours which have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs, and any such other relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 27th day of June 2017.

>Respectfully submitted,
>/s/ *Tiffany R. Cruz*
>Tiffany R. Cruz, FBN 90986
>LAW OFFICES OF FRIEDMAN &
>ABRAHAMSEN
>524 E. College Avenue
>Tallahassee, FL 32301
>(850) 681-3540
>Tiffany@fa-laywers.com
>ATTORNEY FOR PLAINTIFF